**FILED**

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

_Jacksonville_ Division

2010 OCT -7 P 12: 43

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE, FLORIDA

**CIVIL RIGHTS COMPLAINT FORM**

HERBERT D. YORK,
D.C. # B02769

CASE NUMBER: 3:10-cv-920-J-32TEM
(To be supplied by Clerk's Office)

(Enter full name of each Plaintiff and prison number, if applicable)

v.

FELICIA M. CHESTNUT
P.H. CHRISTIN
J. NASH
J. KELLY

J.R. HARRIS

(Enter full name of each Defendant. If additional space is required, use the blank area directly to the right).
In Their Individual Capacities, and
In Their Official Capacities.

**ANSWER ALL OF THE FOLLOWING QUESTIONS:**

I. PLACE OF PRESENT CONFINEMENT: Union Correctional Institution;
(Indicate the name and location)
7819 N.W. 228th. Street; Raiford, Florida 32026

II. DOES YOUR COMPLAINT CONCERN EVENTS IN A STATE PRISON FACILITY WITHIN THE FLORIDA DEPARTMENT OF CORRECTIONS? Yes (✓) No ( )

[If your answer is YES, after reviewing the exhaustion requirements, answer the following questions]

EXHAUSTION OF ADMINISTRATIVE REMEDIES: Pursuant to the Prison Litigation Reform Act or 1995, Title VIII, Section 803 Amendments to Civil Rights of Institutionalized Persons Act, exhaustion of administrative remedies is required in any action brought with respect to prison conditions under 42 U.S.C. § 1983, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility. Any required grievances, appeals, and responses must be submitted to the Court to verify exhaustion. (If your Complaint concerns conditions at state prison facilities, you must answer the following questions in Section II of this form. If the Complaint concerns conditions at a county jail or local correctional facility, you must complete Section III of this form.)

EXHAUSTION STEPS ORDINARILY REQUIRED FOR COMPLAINTS ABOUT CONDITIONS AT STATE PRISON FACILITIES:

General Grievance

1. Informal Grievance (Form DC3-005)
2. Formal Grievance (Form DC1-303)
3. Appeal to the Office of Secretary (Form DC1-303)

Other Grievance

Inmates are not required to utilize the informal Grievance process in the case of an emergency grievance, a grievance of reprisal, a grievance of a sensitive nature, a grievance alleging violation of the Americans with Disabilities Act, a medical grievance, a grievance involving admissible reading material, a grievance involving gain time governed by rule 33-11.0065 Incentive Gain Time, or a grievance involving disciplinary action (does not include corrective consultations) governed by chapter 33-22. The grievance steps are set forth in Fla. Admin. Code Chapter 33-29.

Questions:

A.  Emergency Grievance, Grievance of Reprisal, or Grievance of a Sensitive Nature, Grievance Alleging Violation of the American with Disabilities Act, Medical Grievance, Grievance, Grievance Involving Admissible Reading Material, Grievance Involving Gain Time Governed by Rule 33-11.0065 Incentive Gain Time, or Grievance Involving Disciplinary Action Governed by Chapter 33-22 (Request for Administrative Remedy or Appeal, bypassing the informal grievance step).

   1. Did you submit an above-mentioned grievance to the Superintendent and/or to the office of Secretary (Form DC1-303)? Yes (✓) No ( )

   2. If so, you must attach a copy of the grievance and response to this Complaint form.

   3. Were you denied emergency status? Yes ( ) No (✓)

      a. If so, did you go through the informal grievance, formal grievance and appeal process? Yes ( ) No ( )

      b. If so, you must attach copies of the grievance/appeals and responses to this Complaint form.

B.  Informal Grievance (Request for Interview)

DC 225 (Rev 9/03)                                    2

1. Did you submit an informal grievance (Form DC3-005)? Yes ( ) No (✓)

2. If so, you must attach a copy of the grievance and response to this Complaint form.

C. Formal Grievance (Request for Administrative Remedy or Appeal)

1. Did you have a disciplinary hearing concerning this matter? Yes ( ) No (✓)

2. If so, you must attach a copy of the disciplinary report and disciplinary committee's findings and decision to this Complaint form.

3. Did you submit a formal grievance (Form DC1-303)? Yes ( ) No (✓)

4. If so, you must attach a copy of the grievance and response to this Complaint form.

D. Appeal to the Office of the Secretary (Request for Administrative Remedy or Appeal)

1. Did you submit an appeal to the Office of the Secretary (Form DC1-303)? Yes ( ) No (✓)

2. If so, you must attach a copy of the appeal and response to this Complaint form.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING ANSWERS TO THE QUESTIONS IN THIS SECTION ARE TRUE AND CORRECT.

Signed this  Oct  day of  5 , 2 010 .

x _____
Signature of Plaintiff

DC 225 (Rev 9/03)                                    3

III. **DOES YOUR COMPLAINT CONCERN EVENTS IN A COUNTY JAIL OR LOCAL FACILITY?** Yes ( ) No (✓)

If your answer is YES, answer the following questions.

A. Is there a grievance procedure at your institution or jail? Yes ( ) No ( )

B. Did you present the facts relating to your Complaint in the grievance procedure? Yes ( ) No ( )

C. If your answer is YES:

1. What steps did you take? _____

2. What were the results? _____

3. To demonstrate exhaustion, you must submit copies of all relevant grievances/appeals and responses.

D. If your answer is NO, explain why not: _____

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING ANSWERS TO THE QUESTIONS IN THIS SECTION ARE TRUE AND CORRECT.

Signed this Oct. day of 5 , 2 010 .

x Herbert York #302769
Signature of Plaintiff

DC 225 (Rev 9/03)                                   4

IV.  PREVIOUS LAWSUITS:

   A.  Have you initiated other lawsuits in <u>state</u> <u>court</u> dealing with the same or similar facts involved in this action or otherwise relating to your imprisonment or conditions thereof? Yes ( ) No (✓)

   B.  Have you initiated other lawsuits in <u>federal</u> <u>court</u> dealing with the same or similar facts involved in this action or otherwise relating to your imprisonment or conditions thereof? Yes (✓) No ( )

   C.  If your answer to either A or B is YES, describe each lawsuit in the space provided below. If there is more than one lawsuit, describe all additional lawsuits on a separate piece of paper, using the same format as below.

   1.  Parties to previous lawsuit:

       Plaintiff(s): Herbert D. York, D.C. # B02769

       Defendant(s): Hicks, Chestnut, Baily, Harper, Lewis, Harris, Oliver, Garza, Ruiles, and Wilson

   2.  Court (if federal court, name the district; if state court, name the county): The U.S. District Court, Middle District of Florida, Jacksonville Div.

   3.  Docket Number: Plaintiff does not recall, nor can find out the #.

   4.  Name of judge: Magistrate: James R. Klindt

   5.  Briefly describe the facts and basis of the lawsuit: Plaintiff alleged Defendants violated his constitutional rights surrounding incident where he was injured during a physical assault by prison guards.

   6.  Disposition (Was the case dismissed? Was it appealed? Is it still pending?): The case was dismissed due to Plaintiff's failure to amend his initial Civil Rights Complaint.

   7.  Approximate filing date: August, 2008

   8.  Approximate disposition date: August, 2009

   D.  Have you initiated lawsuits or appeals from lawsuits in federal court that have been dismissed as frivolous, malicious or for failure to state a claim upon which relief may be granted? If so, identify theses suits below by providing the case number, the style, and the disposition of each case:

The case described above in section IV. C. was dismissed after Plaintiff failed to amend it. Plaintiff's personal records have since been destroyed, and so, he does not know if this constituted the type of dismissal questioned about herein.

V. PARTIES: In part A of this section, indicate your full name in the first blank and your full mailing address in the second blank. Do the same for each additional Plaintiff named in the Complaint (if any) in part B of this section:

A. Name of Plaintiff: Herbert D York, D.C.# B02769

Mailing address: Union Correctional Institution; 7819 N.W. 228th. Street; Raiford, Florida 32026

B. Additional Plaintiffs: None

In part C of this section, indicate the full name of the first named Defendant. Also, fill in his or her mailing address, position, and where he or she is employed. For any additional Defendants, use parts D through G of this section for the names, addresses, positions and places of employment:

C. Defendant: Felicia Q. Chestnut

Mailing Address: 7819 N.W. 228th. Street Raiford, Florida 32026

Position: Correctional Officer Captain

Employed at: Union Correctional Institution

D. Defendant: P. H. Christin (a White Male)

Mailing Address: 7819 N.W. 228th. Street Raiford, Florida 32026

Position: Correctional Officer

Employed at: Union Correctional Institution

DC 225 (Rev. 9/03)

E. Defendant: J. Nash (a White Male)
Mailing Address: 7819 N.W. 228th. Street
Raiford, Florida 32026
Position: Correctional Officer
Employed at: Union Correctional Institution

F. Defendant: J. Kelly (a White Male)
Mailing Address: 7819 N.W. 228th. Street
Raiford, Florida 32026
Position: Correctional Officer
Employed at: Union Correctional Institution

G. Defendant: J.R. Harris (a White Male)
Mailing Address: 7819 N.W. 228th. Street
Raiford, Florida 32026
Position: Correctional Officer
Employed at: Union Correctional Institution

VI.    STATEMENT OF CLAIM: State what rights under the Constitution, laws, or treaties of the United States have been violated, and be specific. If you intend to allege a number of related claims, set forth each claim in a separate paragraph. Any claim that is not related to the same basic incident or issue must be addressed in a separate Civil Rights Form.

Defendants Chestnut, Christin, Nash, Kelly, and Harris are each being sued in their individual capacity and official capacity for acting under the color of state law while maliciously and sadistically using cruel and unusual punishment to wantonly inflict Plaintiff with physical harm, serious injury, and severe physical pain in violation of Plaintiff's Eighth Amendment under the United States Constitution.

VII.    STATEMENT OF FACTS: State as briefly as possible the FACTS of your case. Describe how each defendant was involved. **Do not make any legal arguments or cite any cases or statutes.** State with as much specificity as possible the facts in the following manner:

1. Name and position of person(s) involved.
2. Date(s).
3. Place(s).
4. Fact(s) or event(s) giving rise to your claim, including involvement of each defendant.
5. Nature and extent of injury (*i.e.*, physical injury or how you were harmed by the acts of the defendant(s)).

Defendant Felicia M. Chestnut is a Correctional Officer Captain. Defendants P.H. Christin, J. Nash, J. Kelly, and J.R. Harris are each Correctional Officers. Plaintiff Herbert D. York is a state prisoner.

At all times relevant to the facts below, Plaintiff was housed in O-dormitory at Union Correctional Institution where he received outpatient mental health treatment, and also where each Defendant was assigned posts in the capacity of security staff. Defendant Chestnut held the rank or position of Correctional Officer Lieutenant during these times, while remaining Defendants were ranked as

**Statement of Facts, continued:**

1.) Prior to October 14th, 2008 Plaintiff made several complaints concerning staff misconduct. These Complaints resulted in staff, including Defendant's, **"being begrudged against Plaintiff."**

2.) On October 14th, at approximately 6:30 a.m. to 7:30 a.m. Plaintiff was housed in cell # 02 – 212L when Defendants Nash and Kelly approached Plaintiff and asked if he'd like to attend mental health group therapy, conducted by Ms. T. Davis – Psychological Specialist in O – Dorm.

3.) Plaintiff accepted, and Defendant's Nash and Kelly secured Plaintiff in restraints, including handcuffing his behind his back, shackling his feet, and locking a chain around his waist which was secured to his handcuffed wrists by a black box device.

4.) After securing Plaintiff, Defendant Nash smiled at Plaintiff, stating, **"Don't worry. You're not going very far."** Defendants Nash, Kelly, and ▮▮▮▮▮ then escorted Plaintiff towards the wings entrance door.

5.) Exiting the wing into the hallway, Plaintiff encountered Defendant Christin, while still in the presence of Defendants Nash and Kelly. Defendant Christin told Plaintiff, **"Hi York. I see your black ass likes filing grievances and lawsuits on my co-workers."**

9

6.) Then Defendant Christin suddenly grabbed Plaintiff's shirt and shoved him inside a vacant, dark room where Plaintiff hit the wall, and lost his balance and fell to the floor. (This room was the designated area where mental health appointments were held between prisoners and mental health staff.

7.) Then Defendants Harris, Nash, Kelly, and Christin entered the room and began kicking the Plaintiff in the face, back and chest, before taking turns punching and hitting Plaintiff's face with there fists and prison issued radio walkie talkies for, **"approximately eight (8) minutes!"**

8.) Defendant Chestnut then entered the room and kicked Plaintiff in the face, **"very hard,"** four (4) or five (5) times, rendering him unconscious. Plaintiff remained in full restraints during the entire attack, and neither threatened or even attempted to attack Defendants or other person in word, gesture deed or other action.

9.) Following this **"brutal assault,"** Nurse S. Wilson assessed and initially treated Plaintiff's physical injuries which were deemed severe enough to require him to receive further medical treatment at the, **"Prison's Urgent Care Annex!"**

9 (A)

10.) There, Nurse Clippet and an anonymous Doctor assessed Plaintiff's physical injuries and, **"after administering local anesthetic, sewed three (3) surgical sutures above Plaintiff's left eyelid, three (3) surgical sutures to the upper right side of Plaintiff's head, and furthermore applied adhesive sutures to the left side of Plaintiff's head, above his right eyelid and to the back of his head!"** Medical staff then wrapped Plaintiff's head in protective sterile gauze.

11.) As a direct result of Defendant's attack, Plaintiff sustained lacerations to the right side of his head, lips and eyes. Both of his eyes were bruised and swollen shut. His lips and head were also bruised and swollen, as were his nose and jowl. Plaintiff was knocked unconscious and he experienced debilitating physical pain and suffering after the assault.

12.) Medical staff prescribed the medications, **"Tylenol and Kelflex,"** To Plaintiff as additional treatment, and documented Plaintiff's injuries in his prison medical record which were deemed serious enough to order Plaintiff to be hospitalized in the prison hospital at, R – Dorm, **"on twenty four (24) hour watch,"** after Defendant Chestnut prompted the anonymous doctor, advising, **"we have to hide this inmate until he heals up."**

13.) On October 15th, 2008, Plaintiff reported the assault to Ms. T. Davis, who observed Plaintiff's physical injuries and filed an Incident Report on the same. Subsequently, Plaintiff file, **"(Emergency) Grievance of a Sensitive Nature,"** Log number is on prison record at the Institutional – Level, which (former) Warden, Mr. Milton Hicks approved at the standpoint that the Office of the Inspector General (of the Florida Department of Corrections) would initiate action with an investigation into Plaintiff's allegations. Thus, Plaintiff exhausted his available administrative remedies concerning, **"Defendant's brutal assault on Plaintiff!"** Defendant Harris wrote a Disciplinary Report for, **"Assault"** and Defendant Christin wrote one (1) on Plaintiff for, **"Disobeying an Order."**

14.) Plaintiff submitted numerous, **"Inmate Sick-Call Request Forms,"** after Defendant's assault, in which he sought further medical treatment for the serious physical injuries and ongoing debilitating pain he suffered from since Defendant's assault, but further medical assessment or treatment was **"not"** forthcoming.

15.) The majority of Plaintiff's personal records concerning this incident were, **"thrown away or other destroyed by prison guards! These records included, "Sworn Affidavits' Disciplinary Report, Prison Grievances, and Sick-Call and other such requests!"**

9(C)

16.) Finally, **"Defendants Christin and Nash approached and threatened to beat Plaintiff to DEATH if he continued filing prison grievances or a lawsuit!"** Defendant Chestnut subsequently threatened Plaintiff, warning him, **"Inmate, you submit another inmate grievance, or see or talk to anyone else about this incident, I will personally give the ORDER for my Officers to beat you down again!"**

VIII. **RELIEF REQUESTED:** State briefly what you want the Court to do for you. Again, do not make any legal arguments or cite any cases or statutes.

WHEREFORE, Plaintiff requests this Court to enter judgement granting Plaintiff: 1) Leave to proceed in forma pauperis; 2) Appointment of Counsel; 3) Nominal Damages against each Defendant in amount of $1.00; 4) Compensatory Damages in amount of $40,000.00 against each Defendant, jointly and severally; 5) Punitive Damages in amount of $60,000.00 against each Defendant; 6) Plaintiff's costs in this suit; 7) Injunctive relief; 8) Jury trial demanded on all issues triable by jury; and 9) Any additional relief this Court deems just, proper, and equitable.

**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.**

Signed this  Oct  day of  5 , 2 010 .

Herbert D. York, D.C.# 802769

(Signatures of all Plaintiffs)