UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

HERBERT D. YORK,

    Plaintiff,

v.                           Case No. 3:10-CV-920-J-32TEM

FELICIA D. CHESTNUT, et al.,

    Defendants.
_____/

## AFFIDAVIT OF JONATHAN NASH

STATE OF FLORIDA
COUNTY OF UNION

    BEFORE ME, the undersigned authority, personally appeared **JONATHAN NASH**, who first after being duly sworn says:

    1.    My name is Jonathan Nash and I am competent to testify to the facts stated in this affidavit. I have personal knowledge of these facts.

    2.    I am a Correctional Officer employed by the Florida Department of Corrections, and currently work at Union Correctional Institution.

    3.    On October 14, 2008, I was assigned during administrative shift, which at that time ran from 7 a.m. to 4 p.m., to work O-Dormitory at Union Correctional Institution. At the beginning of my shift, Officer Kelly and I were pulling inmates from wing 2 who were scheduled to participate in mental health groups. At approximately 7:40 am, Officer Kelly and I pulled inmate Herbert York DC#B02769 from his second floor cell after handcuffing him in front. We then applied leg irons and escorted inmate York off the wing toward the quarterdeck. Officer Kelly and I were walking just behind inmate York during the escort. As we entered the quarterdeck area, we turned right toward the stairwell where Officers Harris and Christie were waiting to complete the escort to the mental health group area. Just as we turned right, inmate York suddenly lunged at Officer Harris in an attempt to head butt him. While I do not recall everything that happened that morning, I do remember that the officers pinned inmate York to the door of an adjacent conference room to try to regain control. However, inmate York continued to resist and at that point Officers Christie and Harris forced York to the quarterdeck floor in order to prevent further assault by the inmate.

    4.    When York finally stopped struggling, York was assisted to his feet by Officers Christie and Harris and he was instructed to go down the stairs. At this point I do not have a

1


DEFENDANT'S EXHIBIT F

clear recollection of the series of events, but I do recall that as York started down the stairs he began resisting again and at some point fell forward down the stairs.

5.  I did not use any force or participate in any way during this incident. I have not retaliated against or threatened York for any reason. I have not confiscated or destroyed any of York's personal records related to this incident or otherwise. At no time did I kick or punch York, nor did I hit him with my radio. Any claim that I threatened to beat York to death if he continued to file grievances or a lawsuit it untrue. I did not observe any other staff hit, punch, kick or otherwise assault York. If I had observed such actions I would have reported them to the appropriate authorities. I observed Officer Harris and Officer Christie use only the minimal amount of force necessary to put an end to York's continued aggressive and assaultive actions.

FURTHER AFFIANT SAYETH NAUGHT.

_____<br>
JONATHAN NASH<br>
Affiant

Sworn to and subscribed before me this 17 day of August 2011.



(Signature of Notary Public, State of Florida)

_____
Print, type of stamp commissioned name of notary public

Personally known ___ or Produced identification ✓ (type of identification  State ID )

LINDA L. CLANCE
MY COMMISSION # EE 066551
EXPIRES: February 22, 2015
Bonded Thru Budget Notary Services