UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

**HERBERT D. YORK,**

    **Plaintiff,**

v.                                                        Case No. 3:10-CV-920-J-32TEM

**FELICIA D. CHESTNUT, et al.,**

    **Defendants.**
_____/

### AFFIDAVIT OF FELICIA CHESTNUT

**STATE OF FLORIDA**
**COUNTY OF UNION**

    BEFORE ME, the undersigned authority, personally appeared **FELICIA CHESTNUT**, who first after being duly sworn says:

    1.    My name is Felicia Chestnut and I am competent to testify to the facts stated in this affidavit. I have personal knowledge of these facts.

    2.    I am a Captain employed by the Florida Department of Corrections, and currently work at Union Correctional Institution. At the time relevant to this Complaint I was a Lieutenant at Union CI.

    3.    On October 14, 2008, I was notified of a spontaneous use of force on inmate Herbert York that occurred in O-Dormitory at Union CI. I was the Officer in Charge when the use of force occurred. I was not present during the use of force. Upon being notified of the incident, I instructed Officers Keith Cavanagh, Joshua Olive, and Bennie Harper to assist in the escort of inmate York from the O-Dorm downstairs holding cell to the Urgent Care Area. I also instructed Officer David Zwicker to videotape the post use of force physical of inmate York.

    4.    I arrived at the holding cell at approximately 7:48 am and made an introductory statement on the tape. I ensured that York was seen by Medical in the dorm and was present during his assessment by Nurse Sidra Wilson. I was also present during his escort to the Urgent Care Area for sutures and for subsequent housing in the infirmary for observation.

    5.    I was told that during the use of force Officers Joshua Harris and Phillip Christie discovered that inmate York had an unknown slippery substance on his body, which made it difficult for the officers to maintain their hold on him. After the use of force, a search was conducted of inmate York's cell to look for the unknown slippery substance. A cup of butter

1



was found in York's cell. This practice has become a common tactic used by inmates over the past few years where they put slippery substances, such as butter or Vaseline, on their skin in an attempt to slip out of their handcuffs. This presents a security threat and may be indicative of the inmate planning to get out of his restraints or to get away from an officer's hold, where he would then pose a threat to other inmates or staff.

   6. I was not present for the use of force on inmate York. Any allegation that I was present or participated in the use of force in any way is untrue. I have not retaliated against or threatened York for any reason. I have not confiscated or destroyed any of York's personal records related to this incident or otherwise. At no time did I kick York in the face. I did not tell the doctor to keep York in the infirmary in order to "hide" him until his injuries healed. Dr. Aviles made the decision to keep York in the infirmary for observation. I never threatened to order officers to beat York down if he filed any grievances or spoke to anyone about this use of force.

FURTHER AFFIANT SAYETH NAUGHT.

*Felicia Chestnut*
FELICIA CHESTNUT
Affiant

Sworn to and subscribed before me this _16_ day of March 2011.

*Linda L. Clance*
(Signature of Notary Public, State of Florida)

LINDA L. CLANCE
MY COMMISSION # EE 066551
EXPIRES: February 22, 2015
Bonded Thru Budget Notary Services

_____
Print, type of stamp commissioned name of notary public

Personally known _✓_ or Produced identification ___ (type of identification _____)

2