UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

HERBERT D. YORK,

    Plaintiff,

v.                                Case No. 3:10-CV-920-J-32TEM

FELICIA D. CHESTNUT, et al.,

    Defendants.
_____/

## DECLARATION OF KEVIN SNOW

    I, Kevin Snow, pursuant to 28 U.S.C. s. 1746, make this unsworn declaration under penalty of perjury and declare that the statements made below are true and state:

    1.    I am employed as a Senior Inspector with the Department of Corrections. I am assigned to Union Correctional Institution.

    2.    Following the use of force that occurred on October 14, 2008, I was assigned to investigate Herbert York's claims of excessive use of force by Captain Felicia Chestnut, Sergeant Jon Jenkins, Officer Jonathan Nash, Officer Philip Christie, Officer Jesse Kelly, and Officer Joshua Harris.

    3.    My investigation revealed that York's claims of excessive force were unsubstantiated. Staff reported that force became necessary to prevent assault when inmate York attempted to head butt Officer Harris. Officer Christie and Officer Harris grabbed York and forced him against the conference room door. York was very slippery because he had an unknown substance on his body that was later determined to be butter. York continued to resist and was able to pull away from Officers Christie and Harris and they were forced to take him to the floor several times until he stopped struggling in order to prevent further assault. Upon being ordered to go down the stairs, York attempted to head butt Officer Harris again, snatched away from the officers' hold and fell down the stairs to the landing between the first and second floors. York continued to resist and was again forced to the landing floor and held there until he ceased resisting. York was then escorted the rest of the way down the stairs and placed in a holding cell, where he received medical attention.

    4.    Although inmate York had injuries as a result of this use of force, I found that his injuries are consistent with the type and amount of force used in this case, particularly in light of York's fall down the stairs. All witnesses denied that excessive force was used on inmate York or that any part of this incident occurred in the conference room as alleged by York.


DEFENDANT'S EXHIBIT K

5. I found no evidence that Lieutenant Chestnut participated in the use of force. Lieutenant Chestnut stated she was not present for the use of force and denied kicking inmate York in the head. Chestnut was summoned to the incident as the Officer in Charge and was present during his escort to the Urgent Care Area for sutures and subsequent housing in the infirmary for observation. This was supported by Officer Christie, Officer Harris, Officer Kelly, Officer Nash, Officer David Zwicker, and Officer Deandra Robinson, none of whom reported that Lieutenant Chestnut was present.

6. Inmate York's allegations against Officer Nash and Officer Kelly were also unsubstantiated. Officers Nash and Kelly witnessed the use of force by Officers Christie and Harris, but denied participating in any way. This was supported by Officer Christie, Officer Harris, Officer Zwicker and Officer Robinson, who all reported that only Officers Christie and Harris participated in the use of force. Officer Robinson reported that she was working in the top floor control room of O-Dormitory when the use of force occurred. Officer Robinson saw inmate York lunge at Officer Harris and witnessed the continuing struggle between York and Officers Christie and Harris up until the point where inmate York fell down the stairs to the landing between the top and bottom floors. Officer Zwicker witnessed Officers Christie and Harris escorting York down the stairs from the landing to the bottom floor.

7. In addition, I found that inmate York gave inconsistent accounts of who used force on him and the type and amount of force used on him. In his submitted Witness Statement for the Report of Force Used investigation he stated that he was being taken off the wing by Officers Nash and Kelly, but once out of camera view Officers Christie, Nash, and Kelly said he liked to write up civil cases on Lieutenant Chestnut. York alleged they took him into the room where the Transitional Care call-outs take place and Officer Christie hit him in the head with his right hand, which had a radio in it. He then said Officer Nash kicked him to the floor where he was hit with radios by Sergeant Jenkins, Officer Nash, and Officer Christie until he blacked out. York also said Sergeant Jenkins kicked him in the forehead.

8. However, in his sworn recorded interview taken on November 19, 2008, York stated that Officers Nash and Kelly escorted him off the wing for a psychology call-out, but when they got to the conference room door, Officer Christie opened the door, grabbed him by his collar, and threw him into the wall. Officers Kelly, Christie and Nash then punched and hit York in the head with their radios for five minutes. York then alleged that Lieutenant Chestnut came in and kicked him in the forehead, at which point he was knocked out. In his interview, York also said that the excessive force happened because he filed a lawsuit against staff and because he filed a formal grievance alleging that staff members in the dorm were going to set him up to get beaten. York denied that he placed any type of lubricant on his body, then changed his story and said that he did put grease on his hair, face and skin.

I declare under penalty of perjury that the foregoing is true and correct.

_____                Executed on  8/17/11
KEVIN SNOW                                                    Date
Senior Inspector, Union CI

2