UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

**HERBERT D. YORK,**

    Plaintiff,

v.                             Case No. 3:10-CV-920-J-32TEM

**FELICIA D. CHESTNUT, et al.,**

    Defendants.

_____/

## AFFIDAVIT OF RONALD SOLORZANO-PALLAIS

BEFORE ME, the undersigned authority, personally appeared **RONALD SOLORZANO PALLAIS**, who first after being duly sworn says:

1. My name is Ronald Solorzano Pallais and I am competent to testify to the facts stated in this affidavit. I have personal knowledge of these facts.

2. I am a licensed medical doctor practicing in the State of Florida. I am the Regional Medical Executive Director for the Northern Florida Region of the Florida Department of Corrections, and have oversight responsibility for the delivery of health services to inmates within this region. I have been employed by the Department of Corrections for approximately thirteen years.

4. For purposes of this affidavit, I have reviewed the relevant medical records which include the post use of force exam and subsequent treatment records for inmate Herbert York in connection with his claims of excessive force during an incident that occurred on October 14, 2008. I have also reviewed an x-ray report of inmate York's face that was taken on August 5, 2009, following a complaint of being hit on the left side of the face unrelated to the incident at issue in this case.

5. The records reflect that inmate York was given a post use of force exam on October 14, 2008, with the following injuries noted: small scratch on ankle from cuffs; small scratch on right wrist; facial swelling; several small cuts and superficial lacerations to the face; hematoma on the forehead; and two lacerations requiring sutures. York received three sutures to the right crown of his head and three sutures to the left eyebrow. Dr. Aviles prescribed 250mg Keflex for 10 days (an antibiotic) and Tylenol for 5 days. In addition, Dr. Aviles recommended that York remain overnight in the infirmary for observation.

6. When he was examined the following day, it was noted that York was alert with full range of movement of his head and neck. York denied experiencing dizziness, headache, or


DEFENDANT'S EXHIBIT N

double vision. York requested to return to his regular housing assignment and was later discharged from the infirmary.

7.  The injuries noted by medical staff are not consistent with York's allegation that Captain Chestnut kicked him "very hard" in the face 4 or 5 times, at which point York claims he lost consciousness. Blunt force kicks to the face hard enough to knock a person out would generally cause fractures to the facial bones, such as the nose, eye socket, or cheekbone.

8.  No x-rays were taken immediately following the October 2008 use of force. However, on August 5, 2009, inmate York's face was x-rayed following a complaint of being hit in the left side of the face unrelated to the incident at issue in this case. The August 5, 2009, x-ray report evaluated York for the presence of fractures, bone displacement, or other osseous (bone) abnormalities. The report reflects no bone or other abnormalities and notes only that York showed complete opacification of the left maxillary sinus. This simply means that York's sinus cavity was opaque on the x-ray, which is indicative of sinusitis.

9.  If there was a prior facial fracture that went undiagnosed, there would be evidence of the injury on the August 2009 x-ray report. There would be evidence of the continued healing of the injury and misalignment of the bones that were fractured. In this case, the x-ray report shows no evidence of such healing or misalignment that would indicate a prior facial injury that would be consistent with the blunt force trauma of 4 to 5 kicks to the face.

FURTHER AFFIANT SAYETH NAUGHT.

RONALD SOLORZANO PALLAIS
Affiant

Sworn to and subscribed before me this 24th day of March 2011.

(Signature of Notary Public, State of Florida)

NOTARY PUBLIC-STATE OF FLORIDA
Linda A. Luther
Commission #DD804953
Expires: AUG. 22, 2012
BONDED THRU ATLANTIC BONDING CO., INC.

Print, type of stamp commissioned name of notary public

Personally known  X  or Produced identification ___ (type of identification _____)

2